## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 14-10337-BLS |
| ) | Chapter 13 |
| DEVIN G. TOMASESKI, Debtor ) | |
| ) | |
| | |
| HEATHER ROBBIE, Plaintiff ) | Adv. Proc. No. |
| ) | |
| vs. ) | |
| ) | |
| DEVIN G. TOMASESKI, Defendant | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT and TO OBJECT TO DISCHARGE OF DEBTOR AND FOR EQUITABLE RELIEF

Plaintiff, Heather Robbie, by and through, Gary R. Spritz, Esq. files this Complaint and objects to t the discharge of the obligations has to her under 11 U.S.C. Section 523 by Debtor and says:

1. Plaintiff, Heather Robbie, (" Wife") is a citizen of the State of Delaware residing at 236 Murphy Drive, Middletown, DE 19709..

2. Defendant Devin G. Tomaseski ("Husband") is a citizen of the State of Delaware who alleges in his Bankruptcy Petition that he resides at 107 Gillespie Ave, Middletown, DE 19709..

3. Jurisdiction over this adversary proceeding is based upon 28 U.S.C. Sec. 1334 and 157, Bankruptcy Rule 7001 and 11 U.S.C. Secs. 523 and 727. This adversay proceeding is a core preceding.

4. Plaintiff and Defendant were Husband and Wife and were divorced by the Family Court of the State of Delaware for New Castle County on July 26, 2012. Prior to their divorce the parties entered an agreement of June 19, 2012 which included 2 parts, the first dated May, 2012 and the second dated June 2011 and attached collectively as Exhibit "A" (hereinafter

"Divorce Agreement"). The Divorce agreement was incorporated into the parties divorce decree of July 26, 2012 and survived the divorce decree and remained enforceable after the Divorce.

5. In relevant part to this Complaint, the Divorce Agreement obligated Husband to pay Wife $800 a month alimony, $2000 a month child support and to pay for the mortgage and line of credit and other obligation for a rental property at 2625 Waltham Court, Crofton, MD ("Maryland Property"). Husband had first option to buy Wife out of this property, Wife had second option to buy Maryland Property. Husband and Wife are co Debtors on the mortgage and home equity loan for the Maryland Property as well as the mortgage for the address where Wife resides.

6. As Husband prior to his February 20, 2014 Bankruptcy filing failed to pay his child support and alimony the Family Court after a hearing entered a series of decisions indicating that arrears were owed, attorneys fees were owed for Husband's omission and setting a payment schedule. When Husband failed to follow the Family Court's orders, Wife in January 6, 2014 filed a Rule to Show Cause in Family Court alleging only that Husband's failure to pay as ordered the amounts ordered. As of January 6, 2014, Husband had not violated at that time violated his obligations with regards to the Real Estate and Mortgage in Maryland and Delaware. These were not included in Wife's January 6, 2014 Rule to Show Cause.

7. Husband while not paying alimony, purchased an interest in a house where his girlfriend remains on title but where he owns ½ thereof and failed to list this as a Real Estate interest in his schedule. In that Husband is solely paying the mortgage his equity therein increases with each post petition payment.

8. Post Bankruptcy, Husband has solely received rentals from the Maryland Property and has not been paying the home equity loan with Bank of America where Wife is a co debtor.

Attached as Exhibit "B' is a document setting forth these rentals. It should be noted even if Husband pays both the mortgage and home equity line on the Maryland property, the Maryland property generates income to Husband of at least $275 per month.

9. At the creditor meeting of April 7, 2014 in this Bankruptcy. Husband admitted to not making these payments for the Home Equity Loan and was keeping all off the profits from the Maryland Rental. On information and belief, he has not paid First Mortgage with Citimortgage since May, 2014

10. On February 20, 2014 filed for Bankruptcy and in on February 20, 2014 filed his first Plan sought to discharge all of his obligations to Wife except for Child Support. See Exhibit "C".

11. Husband sought to claim that the Divorce Agreement was an executory contract and reject the same. The court rejected this in Exhibit "D" and granted the Order attached as Exhibit "E" on April 16, 2014. It should be noted that the Rule to Show Cause that was pending in Family Court and which was filed on January 6, 2014 did not concern the Maryland or Delaware Properties of the parties and could not be amended to include the Maryland or Delaware issues prior to the May 1, 2014 hearing in Family Court. That is the May 1, 2014 hearing in Family Court and the agreement reached did not concern or reach the issues for the debts on or the Maryland and Delaware Properties.

12. On May 1, 2014, in a Family Court hearing Husband agreed to pay $800 per month alimony for 60 months from confirmation of the Bankruptcy Plan in this case, child support decreased to $438.00 per month (from $2000 per month) with the arrears and attorneys fees for past failures to pay alimony and child support at $14,547. The arrears for child support and alimony and the attorney's fees were to be paid through the Plan in this court and they as well as the ongoing child support and alimony obligations were to be Domestic Support Obligations as

that term is used in the Bankruptcy Code. The relevant provisions are 11 U.S.C. Sec. 523(a)(1) and 11 U.S.C. Sec. 101(14A). This has not been signed by Counsel and entered as an order.

13. On May 16, 2014, Husband filed the Amended Plan attached as Exhibit "F". This was after agreement on May 1, 2014.

14. The Amended Plan attached as Exhibit "F" is a breach of Husband's obligations to Wife in the Divorce Agreement as to the Maryland Property and the Delaware Property where Wife resides and places Wife's present residence which she share with the parties' son and herself at risk and her at risk for liability without recourse from Husband in breach of the Divorce Agreement if a discharge is granted. By way of example, she is liable for the mortgage and home equity loan and any shortfall on the Maryland Property, which Husband's Bankruptcy Petition indicates there will be deficiency and will be her sole responsibility unless the relief herein requested is granted. Husband was supposed to pay these under the Divorce Agreement. These combined with Husband's failures to pay alimony and child support have rendered her unable to refinance the Delaware Property which is also worth less than the mortgage which is also with Bank of America( who hold's the second mortgage on the Maryland property worsening the damage to Wife).

15. Husband's obligations under the Divorce Agreement as to the Maryland Property and Delaware property are Domestic Support Obligations and non dischargeable under 11 U.S.C. 507 (a) (1).

16. Husband's obligation to Wife under for the mortgage and home equity loan and for the Maryland and Delaware property under the Divorce agreement are not dischargeable under 11 U.S.C. Sec. 1328(a) (1) as these obligations are covered by 11 U.S. C. Sec. 1322 (b)(5).

17. Husband amended plan filed on May 16, 2014 ( 5/16/14 Amended Plan) does not provide for full payment in deferred cash payment to Wife's priority claim and Wife does not consent to mistreatment of her priority claims in the 5/16/14 Amended Plan.

18. Husband is trying to materially alter the terms of loans and is violating Wife's right under 11 U.S.C. Sec, 1322 (b)(2).

19.. Only in the alternative and if this court decided 11 U.S.C. 523 (a)(1) does not apply to Wife claim(s), which Wife contend does apply, Husband's obligation to Wife under for the mortgage and home equity loan and for the Maryland and Delaware property under the Divorce agreement are not dischargeable under 11 U.S.C. Sec. 523(a)(15) as they are to a former spouse Wife and incurred by the debtor in the course of divorce or separation or in connection with a separation agreement, divorce decree or other court of record. To the extent the court's balance the equities, the Court should note Husband is obtaining an interest in a property at 107 Gillespie Ave, Middletown, DE 19709 at the same time he is jeopardizing Wife's interest in the Delaware property.

20. There is a net reduction between that paid for to Wife under the Plan and that which Husband paid prior to the Plan that supplies a surplus to Husband of Assets which have not been committed to debts payment for any claims under the Plan.

21, To the extent that Husband is claiming or claims in the future his payment for 60 months of $800 a month alimony and $438 a month is child support are not domestic support obligations or fails to pay this alimony and child support, a discharge should be denied.

Wherefore, Wife requests that this Court:

1. deny Husband's discharge to Wife and find that Husband shall indemnify Wife for any obligations that Wife has for the Mortgage with CitiMortgage or Home Equity Loan with

Bank of America under 11 U.S.C. 507 (a) (1) or in the alternative under 11 U.S.C. Sec. 523(a)(15) ;

2. Order Husband to quitclaim his any interest he has in 236 Murphy Drive, Middletown, DE 19709 and allow Wife until 120 days after Husband's successful completion of plan for Wife to refinance this property with no payment to Husband for his interest therein with Wife paying the mortgage with Bank of America secured by 236 Murphy Drive, Middletown, DE 19709.

3. Husband to quitclaim his any interest he has 2625 Waltham Court, Crofton, MD, to Wife pay any and all net proceeds that he has received, post bankruptcy from rentals for 2625 Waltham Court, Crofton, MD to the home equity loan with Bank of America and the Mortgage with CitiMortgage and allow Wife until 120 days after Husband's successful completion of plan for Wife to refinance this property with no payment to Husband for his interest therein and find that this obligations is not dischargeable under 11 U.S.C. 507 (a) (1).

4. Grant Wife attorney's fees and costs for the enforcement of her rights.

6/4/14

/s/Gary R. Spritz
Gary R. Spritz, Esquire
DE Bar No. 3171
Plaintiff's Counsel
P.O. Box 7559
Wilmington, Delaware 19803-7559
(302) 655-0900
facsimile (302) 478-1069
e-mail: Gary.Spritz@verizon.net

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 14-10337-BLS |
| ) | Chapter 13 |
| DEVIN G. TOMASESKI, Debtor ) | |
| ) | |
| ) | |
| HEATHER ROBBIE, Plaintiff ) | Adv. Proc. No. |
| ) | |
| vs. ) | |
| ) | |
| DEVIN G. TOMASESKI, Defendant ) | |

### AFFIDAVIT OF HEATHER ROBBIE

STATE OF DELAWARE     :
                     : SS.
NEW CASTLE COUNTY    :

On this 4th day of June, 2014, personally appeared before me in Delaware, an attorney authorized to perform Notarial Acts pursuant to 29 Del. C. Sec. 4323, for the State and County aforesaid, HEATHER ROBBIE, who, being duly sworn by me, did depose and say that she is the Plaintiff in the attached **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT and TO OBJECT TO DISCHARGE OF DEBTOR AND FOR EQUITABLE RELIEF** and the allegations in the Complaint are true and correct to the best of her knowledge, information and belief.

_____
HEATHER ROBBIE

SWORN TO AND SUBSCRIBED before me this 4th day of June, 2014

_____
Gary R. Spritz, Esq.
authorized to perform Notarial Acts pursuant to 29 Del. C. Sec. 4323

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Case No. 14-10337-BLS |
| | ) Chapter 13 |
| DEVIN G. TOMASESKI, Debtor | ) |
| | ) |
| HEATHER ROBBIE, Plaintiff | ) |
| | ) Adv. Proc. No. |
| vs. | ) |
| | ) |
| DEVIN G. TOMASESKI, Defendant | ) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on _June 5, 2015_, I served a copy of the **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT and TO OBJECT TO DISCHARGE OF DEBTOR AND FOR EQUITABLE RELIEF** filed _June 4, 2014_ by mail to:

Erin K. Brignola, Esq.
Cooper Levenson
Fox Run Shopping Center
50 Fox Hunt Drive
Bear, DE 19701; and

Michael Joseph, Trustee
824 N. Market Street
Suite 904
P.O. Box 1351
Wilm., DE 19899

United States Trustee
844 King Street, Room 2207
Wilm., DE 19899-0035

/s/Gary R. Spritz            June 5, 2014
Gary R. Spritz, Esq.         Date
PA Bar No. 46041, Plaintiff's Counsel
P.O. Box 7559, Wilmington, Delaware 19803-7559
(302) 655-0900, facsimile (302) 478-1069
e-mail: Gary.Spritz@verizon.net